# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

RILEY ANDREW SPITLER,

      Defendant-Appellant.

UNPUBLISHED
June 28, 2018

No. 331962
Jackson Circuit Court
LC No. 14-005198-FJ

## ON REMAND

Before: SWARTZLE, P.J., and O'CONNELL and CAMERON, JJ.

PER CURIAM.

This case returns to this Court on remand from our Supreme Court with instructions to consider whether the trial testimony of three witnesses was admissible under MRE 803(3). We conclude that the trial court erred by admitting the evidence and reaffirm the relief set forth in our prior opinion.

## I. BACKGROUND

The facts underlying this dispute were set forth in detail in our prior opinion and need not be recalled at length. See *People v Spitler*, unpublished per curiam opinion of the Court of Appeals, issued June 20, 2017 (Docket No. 331962), p 2-3. Defendant admitted that he shot his older brother in the chest, killing him nearly instantaneously. *Id*. at 1. When the police investigated the murder, they found several guns in defendant's bedroom and a mason jar containing marijuana. *Id*. at 2. Defendant was charged with open murder, MCL 750.316, delivering the controlled substance of marijuana, MCL 3337401(2)(d)(*iii*), and two counts of possession of a firearm during commission of a felony (felony firearm), MCL 750.227b. See *id*. at 1.

Regarding the open-murder charge, defendant "claimed that the shooting was an accident, and that he believed the gun to be unloaded at the time of the killing." *Id*. "The prosecution disagreed, arguing that the killing was not only intentional, but premeditated." *Id*. A jury found defendant guilty of second-degree murder, MCL 750.317, delivering the controlled substance of marijuana, MCL 3337401(2)(d)(*iii*), and two counts of felony firearm, MCL 750.227b. *Id*.

In our prior opinion, we concluded that the trial court committed several errors which required us to reverse defendant's conviction for second-degree murder. First, "the trial court improperly admitted testimony from a detective presented as an expert in 'linguistic statement analysis' without properly determining that his testimony was based upon 'reliable principles and methods' as required by MRE 702." Second, the trial court "improperly admitted hearsay statements from three of the victim's friends under exceptions for present sense impression, MRE 803(1), excited utterance, MRE 803(2), as well as the residual hearsay exception, MRE 803(24)." *Id.* The detective's testimony and the challenged hearsay statements tended to show defendant's intent to kill the victim. *Id.* at 8. Therefore, because defendant's state of mind "was one of the dispositive issues at trial," we were unable to conclude that the errors were harmless and reversed defendant's conviction of second-degree murder. *Id.* Because defendant admitted that he shot his brother, and the errors related to defendant's state of mind, we concluded that "the appropriate remedy is to remand the matter with instructions for the trial court to enter a judgment of conviction for involuntary manslaughter and to resentence defendant accordingly." *Id.* at 8-9. If the prosecution was "persuaded that the ends of justice would be better served by proceeding to trial on the second-degree murder charge," then the prosecution could notify the trial court of that intent and proceed to a new trial on the second-degree murder charge and the related felony-firearm charge. *Id.* (internal citation and quotation marks omitted). We affirmed defendant's controlled-substance conviction and the related felony-firearm conviction because defendant had shown no error undermining the reliability of those convictions. *Id.* at 9.

Following our opinion, the prosecution sought leave to appeal from the Supreme Court, arguing that the testimony we deemed inadmissible hearsay was in fact admissible under an exception urged at trial but not considered by the trial court, MRE 803(3), relating to the declarant's then-existing mental, emotional, or physical condition. The Supreme Court, in lieu of granting leave to appeal, remanded this case to this Court "for plenary consideration of the admissibility of each proffered statement under MRE 803(3)." *People v Spitler*, ___ Mich ___; 905 NW2d 603 (Docket No. 156281, decided January 24, 2018). In all other respects, the Supreme Court left our prior opinion intact. Thus, on remand, the sole issue before this Court is whether the challenged testimony was admissible under MRE 803(3).

The challenged testimony is as follows. Kalyn Madery, the victim's friend, testified that nearly two months before his death the victim "confided in me that [defendant] had pulled out a gun on him in some type of argument in an angry way. He was just talking about being worried, being concerned not knowing what to do." Dalton Dueck, also the victim's friend, explained that victim had stated "[t]hat his brother had kind of told him a secret about having a gun and [the victim] was pretty shocked by that . . . and concerned." Joshua Foote, another of the victim's friends, explained that, on the day before the victim died, the victim pulled him aside and stated that defendant had a gun. Continuing, Foote stated, "I thought this . . . is a big deal. And . . . I could tell he did too." Foote added, "I could really tell in his tone of voice and the way he presented himself that he was scared."

## II. ANALYSIS

We "review the trial court's decision to admit evidence for an abuse of discretion." *People v Moorer*, 262 Mich App 64, 67; 683 NW2d 736 (2004). MRE 803(3) is commonly known as the hearsay exception for statements regarding the declarant's then-existing mental,

emotional, or physical condition. Under MRE 803(3), "A statement of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily health)" is not excluded by MRE 802's hearsay prohibition. Nonetheless, "a statement of memory or belief to prove the fact remembered or believed" remains inadmissible hearsay "unless it relates to the execution, revocation, identification, or terms of declarant's will." *Id*.

In *Moorer*, 262 Mich App at 66-75, this Court addressed the distinction between statements related to the declarant's then-existing state of mind or emotion and statements of memory or belief to prove the fact remembered or believed. The *Moorer* court reasoned:

> Statements of mental, emotional, and physical condition, offered to prove the truth of the statements, have generally been recognized as an exception to the hearsay rule because special reliability is provided by the spontaneous quality of the declarations when the declaration describes a condition presently existing at the time of the statement. The special assurance of reliability for statements of present state of mind rests upon their spontaneity and resulting probable sincerity. When such declarations include assertions other than state of mind, such as events leading to the state of mind, additional considerations must be addressed in deciding whether the statements are admissible:
>
> > For example, a victim may assert that the defendant's acts caused the state of mind. The truth of those assertions may coincide with other issues in the case, as where the defendant is charged with acts similar to those described. In such circumstances, the normal practice is to admit the statement and direct the jury to consider it only as proof of the state of mind and to disregard it as evidence of the other issues. Compliance with this instruction is probably beyond the jury's ability and almost certainly beyond their willingness. Where substantial evidence has been admitted on the other act, probably little harm results. However, where the mental state is provable by other available evidence and the danger of harm from improper use by the jury of the offered declarations is substantial, the trial judge should exclude the statements or prohibit the witness from giving the reasons for the state of mind. [*Id*. at 68-69 (internal citations and notation omitted); see also 2 McCormick, Evidence (5th ed), Spontaneous Statements, § 273, p 214.]

The *Moorer* court also noted the similarities between its application of MRE 803(3) and federal courts' application of the similarly worded FRE 803(3):

> MRE 803(3) is identical to the federal rule for state of mind exceptions to hearsay evidence, FRE 803(3). Comments accompanying the federal rule make it clear that the general use of statements of mind that are based on past events, as in this case, violate the purpose of the rule. The exclusion of statements of memory or belief to prove the fact remembered or believed is necessary to avoid the virtual

destruction of the hearsay rule which would otherwise result from allowing state of mind, provable by a hearsay statement, to serve as the basis for an inference of the happening of the event which produced the state of mind. [*Id*. at 73-74 (internal citations and quotation marks omitted).]

As instructed by the Supreme Court, we now address each of the challenged statements in turn, parsing the admissible and inadmissible statements in each.

First, Madery testified that the victim "confided in me that [defendant] had pulled out a gun on him in some type of argument in an angry way. He was just talking about being worried, being concerned not knowing what to do." The second sentence of Madery's challenged testimony was admissible under MRE 803(3). The victim's statement that he was worried and concerned is clearly a statement regarding the defendant's then-existing emotion. In contrast, the first sentence concerns the victim's recall of defendant's action in threatening the victim with a gun. The prosecution essentially urges this Court to conclude that the first sentence and second sentence of Madery's testimony were inextricably intertwined, i.e., that the victim's statement that defendant pulled a gun on him was essential to understanding why the victim was scared of defendant. See *Moorer*, 262 Mich App at 69. Assuming that is true, however, under MRE 803(3), the jury still could not consider the statement for its substantive value and defendant would be entitled to an instruction to that effect. *Id*. Because the trial court erroneously admitted the statement under other hearsay exceptions, the pertinent instruction was not provided.

Moreover, we conclude that the prejudice inherent in this statement required the trial court to admit only Madery's testimony that the victim was worried and concerned and exclude the victim's statement that defendant threatened him with a gun. See *id*. In this case, the jury was presented with two explanations of the shooting. The prosecution argued that defendant pulled a gun on the victim, threatened him, and shot him in cold blood; defendant argued that the shooting was accidental. The victim's statement that defendant had previously threatened him with a gun so closely mirrors the prosecution's version of events that it is unlikely that a reasonable juror could separate the victim's fear of the defendant from defendant's actions—considering only the former and ignoring the latter. Accordingly, the trial court erred by admitting Madery's testimony that the victim confided in her that defendant threatened him with a gun.

Next, the same problem exists with Dueck's testimony that the victim said "[t]hat his brother had kind of told him a secret about having a gun and [the victim] was pretty shocked by that . . . and concerned." Again, the victim's statement that he was "shocked" and "concerned" is an admissible statement of then-existing emotion. The victim's statement that defendant had a gun is a statement of memory tending to prove the fact remembered. While the statement of memory does explain why the victim was scared of defendant, the trial court did not provide the jury with an instruction that it could only consider the statement as evidence of the victim's fear.

A different, but related problem exists with Foote's testimony. Foote testified that, the day before the shooting, the victim pulled Foote aside and stated that defendant had a gun. Foote also testified, "I thought this . . . is a big deal. And . . . I could tell he did too." Foote added, "I could really tell in his tone of voice and the way he presented himself that he was scared."

Foote's statements regarding the victim's emotional state were not hearsay and were therefore admissible. It is notable that Foote did not testify that the victim told him that he was scared but that Foote "could tell" by "the way he presented himself" that the victim was scared. Therefore, because Foote did not testify to the victim's statement of the victim's then-existing mental or emotional state, Foote's testimony regarding the victim's fear does not implicate MRE 803(3). This leaves us with only the victim's statement that defendant had a gun, which is plainly hearsay and inadmissible under MRE 802.

Finally, we conclude that the trial court's errors were not harmless. The cumulative effect of the three errors was that the jury was presented with evidence that defendant had a gun and had previously threatened the victim with it. The trial court's failure to provide limiting instructions presented a serious risk that the jury would consider this evidence substantively, rather than limiting its consideration of the evidence to the tendency of the evidence to show the victim's fear of defendant. As noted in our prior opinion, these errors tended to touch on defendant's state of mind, which was one of the dispositive issues at trial. Considering that the errors not subject to this remand also touched on defendant's state of mind, it is clear that the cumulative effect of all the errors seriously undermined the fairness of the proceedings before the trial court. Accordingly, we reverse defendant's conviction of second-degree murder and remand for further proceedings consistent with this opinion and our prior opinion. See *Spitler*, unpub op at 1, 7-8. We do not retain jurisdiction.

/s/ Brock A. Swartzle
/s/ Peter D. O'Connell
/s/ Thomas C. Cameron